MICHAEL E. KIRBY, Judge.
 

 11 Defendants, Thomas Brand and Thomas Brand Siding Company, Inc., (hereinafter collectively referred to as “Brand”) appeal a judgment signed by the trial court on November 27, 2007 and date stamped and filed into the record on November 28, 2007. That judgment determined Brand’s entitlement to lien privileges for outstanding balances allegedly owed by plaintiffs, Your Home Solution Louisiana, L.L.C. and Gulf Coast Rehabbing Group, L.L.C.
 
 [1]
 
 These outstanding balances allegedly represent certain services and materials provided in the rehabilitation of 39 homes in St. Bernard Parish that were damaged by Hurricane Katrina.
 

 The record designated on appeal does not include any pleadings or judgments in this lawsuit dated before September 5, 2007. Attached to Brand’s brief is a trial court judgment dated August 22, 2007, but that judgment is not in the record before us.
 

 According to the trial court’s November 28, 2007 judgment and incorporated reasons for judgment, Brand was the general contractor for various owners of | ¿.hurricane damaged properties by virtue of a contractual arrangement with plaintiffs. Brand asserted entitlement to lien privileges for outstanding balances for labor and materials provided for rehabilitation of the damaged properties. The trial court, citing the case of
 
 Burdette v. Drushell,
 
 2001-2494 (La.App. 1 Cir. 12/20/02), 837 So.2d 54, found that Brand was entitled to lien privileges for its services and materials provided as a contractor. The trial court then set forth a property by property analysis of the items claimed and
 
 *570
 
 a determination as to the amounts for which a lien is allowable.
 

 The court stated that it excluded claims for a lien where the cost or expense was listed as a miscellaneous expense, without further explanation as to the type of work performed. The court also excluded items that represented costs for conversion, landscaping or demolition without further recitation of the type of work done. The only person who testified as to specific amounts claimed by Brand was its office manager, Ms. Janelle Anthony. The trial court noted that her testimony was based on business records, and that Ms. Anthony had not visited the job sites. The trial court judgment included a detailed list of the property addresses, the owner’s name, if known, the amount of the lien claimed, and the amount of the lien allowable. Regarding the properties for which a lien amount was allowed, the judgment ordered that the amount of the recorded lien was to be reduced to the amount allowed by the court. Liens recorded for properties for which no amount was found allowable were ordered cancelled in their entirety.
 

 IsBrand filed this devolutive appeal, arguing that the trial court erred in finding that certain work performed by Brand did not qualify for a lien under the Louisiana Private Works Act, and that the trial court’s calculation of certain lien rights was based on a flawed interpretation of Louisiana law. Brand states in its brief that “[tjhis appeal presents the issue of the rights of workers to establish a lien under the Louisiana Private Works Act [La. R.S. 9:4801,
 
 et seq.].”
 
 The trial court acknowledged in its judgment that Brand is entitled to lien privileges under the Louisiana Private Works Act, and allowed Brand lien privileges on many of the items claimed. The issue in this appeal is whether the trial court erred in its determination that lien privileges should be disallowed for certain other items.
 

 At trial, Ms. Janelle Anthony, the Brand office manager, testified as to the amounts for which Brand was not paid by plaintiffs for property rehabilitation services. After listing the amounts still owed on each of the properties, Ms. Anthony stated that the services performed by Brand included painting, flooring, landscaping, fencing, roofing, carpentry, demolition, conversion to living and miscellaneous. The record also includes copies of invoices submitted by Brand for work performed pursuant to its contract with plaintiffs.
 

 Brand had the burden of itemizing the costs associated with the labor and materials provided for which they claim to have not been paid.
 
 See Burdette v. Drushell,
 
 2001-2494 (La.App. 1 Cir. 12/20/02), 837 So.2d 54. The trial court found that Brand did not offer sufficient explanations for certain types of work performed for which it asserted lien privileges. These items included conversion, ^landscaping, demolition and miscellaneous. Included in the exhibits offered into evidence by Brand are expense
 
 reports for each
 
 of the properties. For work listed under the category of “miscellaneous,” the reports gave a brief general description of the work performed but only a sum total for these expenses instead of an itemization of the same. The trial court noted at the conclusion of trial that the evidence lacked specificity on the issues of whether all of the work invoiced was completed, and whether any of the amounts invoiced represented work performed by subcontractors rather than by Brand.
 

 We do not interpret the trial court’s judgment and reasons for judgment to mean that expenses incurred for conversion, landscaping, demolition and miscellaneous work can never be eligible for lien privileges under the Louisiana Private
 
 *571
 
 Works Act. Rather, the trial court found that as for the disallowed items, Brand offered evidence that was too general in nature, and did not offer adequate explanations for these claimed expenses so as to carry its burden of proving entitlement to lien privileges for the same. Based on our review of the record, we cannot say the trial court erred in its determination as to the items for which Brand is entitled to lien privileges. For the reasons stated above, we affirm the trial court judgment.
 

 AFFIRMED.
 

 [1]
 

 . Plaintiffs did not file an appeal brief.